IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Illinois Tamale Company, Inc. d/b/a Iltaco, an Illinois corporation, | Case No. |
| Plaintiff, | Judge |
| v. | JURY TRIAL DEMANDED |
| LC Trademarks, Inc., a Michigan corporation, and Little Caesar Enterprises, Inc., a Michigan corporation, | |
| Defendants. | |

## COMPLAINT

Plaintiff, Illinois Tamale Company, Inc. d/b/a Iltaco, an Illinois corporation, hereby complains that Defendants LC Trademarks, Inc. ("LC Trademarks"), a Michigan corporation, and Little Caesar Enterprises, Inc. ("Little Caesars"), a Michigan corporation, (collectively, "Defendants") are liable for willful trademark infringement and unfair competition. In support of its Complaint, Iltaco alleges as follows:

## NATURE OF THE ACTION

1. Iltaco is a family-owned, Chicago-based food company established nearly a century ago in 1927. Since 1976, Iltaco has been selling a food product known as the Pizza Puff and other variations of "Puffs".

2. Iltaco vigorously protects its brand and owns federally registered trademarks for, among other things, PIZZA PUFF and PUFF in connection with the sale of its food products.

3. Recently, Defendants introduced the "Crazy Puff" product, even referencing the product as a "PIZZA PUFF" on its website (collectively, "Crazy Puff" and "PIZZA PUFF" as used by Little Caesars are referred to as the "Infringing Marks").

1

4. After learning about Defendants' introduction of their Crazy Puffs product into the market and its use of PIZZA PUFFS, Iltaco immediately sent Defendants a cease-and-desist letter, demanding they stop using the Infringing Marks or any version of "puffs" in connection with the sale of their products. After weeks of discussion between the parties, it became clear to Iltaco that Defendants were simply dragging negotiations on with no intention of stopping use of the Infringing Marks.

5. Iltaco now brings this Complaint for trademark infringement and unfair competition against Defendants.

## THE PARTIES

6. Plaintiff Iltaco is an Illinois corporation with its principal place of business located at 1376 W. Hubbard Street, Chicago, IL 60642.

7. Defendant LC Trademarks, Inc. is a Michigan corporation with its principal place of business located at 2211 Woodward Avenue, Detroit, Michigan 48201.

8. Defendant Little Caesar Enterprises, Inc. is a Michigan corporation with its principal place of business located at 2211 Woodward Avenue, Detroit, Michigan 48201.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 because the Complaint alleges violations of federal trademark law under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

10. This court has supplemental jurisdiction over Iltaco's state-law claims under 28 U.S.C. § 1367 because they arise from the same novel or complex issues as the federal-law claims.

11. This Court may exercise personal jurisdiction over Defendants because they regularly conduct business in this District by offering products for sale, including products offered

under the Infringing Marks, in this District.

12. Venue is proper in this Court under 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

A. **Iltaco and the Puff Marks**

13. Iltaco is a family-owned, Chicago-based food company established nearly a century ago in 1927, when it provided tamales to the pushcart vendors in Chicago's financial district. Since its inception, Iltaco been known for providing high-quality, delicious food.

14. In 1976, Iltaco introduced its flagship Pizza Puff, which has since become an iconic Chicago food and is now sold all over the country.

15. Over the years, Iltaco has expanded its product offerings to include a variety of Pizza Puffs and other products incorporating the term "Puff," creating a family of "Puff" branded products.

16. In connection with its product offerings, Iltaco is the owner of a family of trademarks related to its products centered on the component PUFF or PUFFS, which today extends across the United States.

17. Iltaco has expended significant resources growing and protecting its brands, including by obtaining federal trademark registrations for its various PUFF-related marks (collectively, the "Puff Marks"), including PIZZA PUFFS and PUFFS. Many of the Puff Marks have become incontestable. Iltaco's Puff Marks include the following:

| **Mark** | **Reg. No.** | **Reg. Date** | **Goods and Services** |
|---|---|---|---|
| Pizza Puffs | 3,628,959 | May 26, 2009 | Food package combinations consisting primarily of cheese, meat, vegetables [ and/or processed fruit; sausages; ham; cheese; cheese substitutes; processed cheese; processed mushrooms; tomato paste; pork; frozen vegetables, namely, green peppers, onions, mushroom, spinach, and/or tomatoes ]; processed vegetables; frozen entrees consisting primarily of meat, cheese or vegetables; prepared entrees consisting primarily of meat, cheese or vegetables; packaged entrees consisting primarily of meat, cheese or vegetables, frozen meat; [ meat; prepared meat; processed meat; prepared beef; eggs; poultry; chicken; turkey ] |
| Taco Puffs | 4,010,781 | Aug. 16, 2011 | Food package combinations consisting primarily of meat, onions, tomatoes, peppers and/or cheese in a flour tortilla; frozen and prepared entrees consisting primarily of meat, onions, tomatoes, peppers and flour tortilla; [ frozen meat; meat; prepared meat; processed meat; prepared beef; ] handheld toaster pastries, microwave pastries, frozen meals consisting primarily of beef, vegetables with cheese and without cheese; refrigerated meals consisting primarily of beef, vegetables with cheese and without cheese; stuffed sandwiches comprised of fillings enrobed in pastry or dough; sandwiches; meat pies |
| Gyro Puffs | 4,380,545 | Aug. 6, 2013 | Food package combinations consisting primarily of cheese, meat and vegetables; cheese substitutes; processed cheese; frozen vegetables, namely, onions; processed vegetables; frozen entrees consisting primarily of meat, cheese and vegetables; prepared entrees consisting primarily of meat, cheese and vegetables; packaged entrees consisting primarily of meat, cheese and vegetables; frozen meat; meat; prepared meat; processed meat; prepared beef; meat-based, cheese-based and vegetable-based fillings for dough-enrobed foods; frozen meals consisting primarily of meats, vegetable and cheese; refrigerated meals consisting primarily of meats, vegetables and cheese |

4

| **Mark** | **Reg. No.** | **Reg. Date** | **Goods and Services** |
|---|---|---|---|
| Ham Breakfast Puff | 5,305,616 | Oct. 10, 2017 | Food package combinations consisting primarily of meat, cheese and eggs; frozen entrees consisting primarily of meat, cheese and eggs; prepared entrees consisting primarily of meat, cheese and eggs; packaged entrees consisting primarily of meat, cheese and eggs; meat-based, cheese-based and egg-based fillings for dough-enrobed foods; frozen meals consisting primarily of meat, cheese and eggs; refrigerated meals consisting primarily of meat, cheese and eggs |
| Ham & Cheese Puff | 5,373,219 | Jan. 9, 2018 | Food package combinations consisting primarily of meat and cheese; frozen entrees consisting primarily of meat and cheese; prepared entrees consisting primarily of meat and cheese; packaged entrees consisting primarily of meat and cheese; meat-based and cheese-based fillings for dough-enrobed foods; frozen meals consisting primarily of meat and cheese; refrigerated meals consisting primarily of meat and cheese |
| Ham, Cheese & Jalapeno Puff | 5,373,220 | Jan. 9, 2018 | Food package combinations consisting primarily of meat, cheese and vegetables; frozen entrees consisting primarily of meat, cheese and vegetables; prepared entrees consisting primarily of meat, cheese and vegetables; packaged entrees consisting primarily of meat, cheese and vegetables; meat-based, cheese-based and vegetable-based fillings for dough-enrobed foods; frozen meals consisting primarily of meat, cheese and vegetables; refrigerated meals consisting primarily of meat, cheese and vegetables |
| Sausage Breakfast Puff | 5,373,221 | Jan. 9, 2018 | Food package combinations consisting primarily of meat, cheese and eggs; frozen entrees consisting primarily of meat, cheese and eggs; prepared entrees consisting primarily of meat, cheese and eggs; packaged entrees consisting primarily of meat, cheese and eggs; meat-based, cheese-based and egg-based fillings for dough-enrobed foods; frozen meals consisting primarily of meat, cheese and eggs; refrigerated meals consisting primarily of meat, cheese and eggs |

| **Mark** | **Reg. No.** | **Reg. Date** | **Goods and Services** |
|---|---|---|---|
| Spinach & Cheese Pizza Puffs | 5,373,223 | Jan. 9, 2018 | Food package combinations consisting primarily of cheese and vegetables; frozen entrees consisting primarily of cheese and vegetables; prepared entrees consisting primarily of cheese and vegetables; packaged entrees consisting primarily of cheese and vegetables; cheese-based and vegetable-based fillings for dough-enrobed foods; frozen meals consisting primarily of cheese and vegetables; refrigerated meals consisting primarily of cheese and vegetables |
| Pulled Pork BBQ Puff | 5,958,483 | Jan. 14, 2020 | Food package combinations consisting primarily of meat; frozen entrees consisting primarily of meat; prepared entrees consisting primarily of meat; packaged entrees consisting primarily of meat; meat-based fillings for dough-enrobed foods; frozen meals consisting primarily of meat; refrigerated meals consisting primarily of meat |
| Bacon Breakfast Puff | 5,958,484 | Jan. 14, 2020 | Food package combinations consisting primarily of meat, cheese and eggs; frozen entrees consisting primarily of meat, cheese and eggs; prepared entrees consisting primarily of meat, cheese and eggs; packaged entrees consisting primarily of meat, cheese and eggs; meat-based, cheese-based and egg-based fillings for dough-enrobed foods; frozen meals consisting primarily of meat, cheese and eggs; refrigerated meals consisting primarily of meat, cheese and eggs |
| Buffalo Chicken Puff | 5,958,485 | Jan. 14, 2020 | Food package combinations consisting primarily of meat and cheese; frozen entrees consisting primarily of meat and cheese; prepared entrees consisting primarily of meat and cheese; packaged entrees consisting primarily of meat and cheese; meat-based and cheese-based fillings for dough-enrobed foods; frozen meals consisting primarily of meat and cheese; refrigerated meals consisting primarily of meat and cheese |

| Mark | Reg. No. | Reg. Date | Goods and Services |
|---|---|---|---|
| Reuben Puff | 5,958,486 | Jan. 14, 2020 | Food package combinations consisting primarily of meat, cheese and vegetables; frozen entrees consisting primarily of meat, cheese and vegetables; prepared entrees consisting primarily of meat, cheese and vegetables; packaged entrees consisting primarily of meat, cheese and vegetables; meat-based, cheese-based and vegetable-based fillings for dough-enrobed foods; frozen meals consisting primarily of meat, cheese and vegetables; refrigerated meals consisting primarily of meat, cheese and vegetables |
| Puff | 6,716,615 | May 3, 2022 | Sandwich wraps made of flour tortilla; meat turnover; Dough-enrobed foods consisting of a dough-based wrapper with fillings consisting primarily of meats, poultry, vegetables and cheese |

18. Both PIZZA PUFFS and PUFF claim December 10, 1976, as their date of first use in commerce. PIZZA PUFFS, among other Puff Marks, is incontestable.

19. Iltaco spends over a million dollars annually advertising and marketing its products under the Puff Marks.

20. The Puff Marks are well-known and represent the source and origin of Iltaco's goods sold in connection therewith.

21. The strength of the Puff Marks is one of Iltaco's most valuable assets.

**B.     Defendants' Use of Infringing Marks**

22. Defendants also own and license a valuable, well-known asset in the name Little Caesars.[1] Despite understanding the value of a well-known mark, Defendants are knowingly infringing the Puff Marks through their Crazy Puff product.

23. According to the website, https://crazypuffsaregreatonthego.com/, a website

---

[1] On information and belief, LC Trademarks owns the trademarks licensed by Little Caesars and its franchisees.

Defendants operate, Defendants introduced the Crazy Puff on or about March 11, 2024. *See* Shabaz Decl. Ex. 17.

24. Iltaco learned of the Infringing Marks in early April 2024, after customers inquired as to whether Defendants' "Crazy Puffs" were associated with Iltaco.

25. Immediately after learning of the Infringing Marks, Iltaco sent Defendants a cease-and-desist letter, notifying Defendants of their infringement. *See* Kuo Decl. Ex. A.

26. Defendants responded, suggesting that they might be willing to limit the use of or stop using "PIZZA PUFFS" but did not indicate they would stop using "Crazy Puffs." Kuo. Decl. ¶ 3.

27. Throughout the next few weeks, the parties continued discussing potential options to settle the matter without seeking relief from the Court. Kuo. Decl. ¶ 4.

28. At all times throughout the parties' discussions, Iltaco demanded that Defendants stop using the Infringing Marks. *Id.*

29. Iltaco also discovered that Defendants had filed an application to register "Crazy Puffs" with the United States Patent and Trademark Office. The USPTO registered the mark on May 14, 2024, Reg. No. 7,389,148, for "single serving size baked pizza dough filled with cheese; single serving size baked pizza dough filled with cheese and vegetables; single serving size baked pizza dough filled with cheese and meat."

30. To date, Defendants are continuing to use "Crazy Puffs" and "PIZZA PUFFS" in violation of Iltaco's Puff Marks.

**C. Actual Consumer Confusion**

31. In just a short time since Defendants introduced their Crazy Puffs product, numerous instances of actual confusion have arisen.

32. Recognizing the iconic Chicago food, many consumers have expressed actual confusion as to whether the Crazy Puffs product was the Chicago-based Pizza Puffs. See, e.g., Shabaz Decl. Ex. 37 ("I thought pizza puff like the one in Chicago, but it look good"); *Id.* at Ex. 38 ("When I hear pizza puff I think differently"); (Soon as I saw them I was like, that ain't no pizza puff. lol"); ("Rite I'm from Chicago like where the pizza puffs at"); *Id.* at Ex. 39 ("ME TOO! She opened the box and I was like….That is not a doggone pizza puff!!!"); *Id.* at Ex. 40 ("Girl, you got us Chicagoans out here thinking you bout to pull out a real pizza puff"); *Id.* at Ex. 41 ("I'm thinking they finna be like Chicago pizza puffs"); ("Pizza puffs??? What is this"); ("I thought it was a Chicago pizza puff"); ("I thought this was gon b a actual pizza puff"); *Id.* at Ex. 42 ("As a Chicagoan I was confused because that ain't a pizza puff but definitely will be trying"); ("I thought it was a pizza puff fr #chicagoan"); ("Now I want a REAL pizza puff, from Chicago!"); ("That's not a pizza puff").

33. Other consumers suggested they were trying the Crazy Puffs based on their familiarity with the iconic Pizza Puffs or they believed that Crazy Puffs would be the same as Iltaco's Pizza Puffs.

34. For example:

- Shabaz Decl. Ex. 1 ("Them lil Caesar's pizza puffs just aight to me. Chicago style pizza puff 10x better idk what I was expecting")

- *Id.* at Ex. 2 ("right cool.. but as a chicagoan, these are not pizza puffs wtf?")

- *Id.* at Ex. 3 ("Soo it was good I give it a 8/10. But Chicago pizza puffs are wayyyy better")

- *Id.* at Ex. 4 (responding to post about Little Casears "pizza puffs": "These ain't pizza puffs")

- *Id.* at Ex. 5 ("No way pizza puffs are finally coming out of Chicago, take them back here it the only thing I gate keep online")

9

- *Id.* at Ex. 6 ("responding to post about Little Casears "pizza puffs": "Those aren't pizza puffs")

- *Id.* at Ex. 7 ("As a Chicago n****, we not about to call them lil Cesar joints pizza puffs. Absolutely the f*** not")

- *Id.* at Ex. 8 ("We finally found out the name of these little sh*** "pizza puffs" how y'all feel about the name?")

- *Id.* at Ex. 9 ("responding to post about Little Casears "pizza puffs": "These are not pizza puffs" and posting a meme stating: "It's anti-Chicago discrimination")

- *Id.* at Ex. 10 ("responding to post about Little Casears "pizza puffs": "These are not pizza puffs")

- *Id.* at Ex. 11 ("i don't like how little caesar's callin them things pizza puffs")

- *Id.* at Ex. 12 ("Yall keep saying pizza puffs and every single time I keep thinking of a pizza puff from Chicago lmao")

- *Id.* at Ex. 13 ("Been looking for Pizza Puffs since I moved out of Chicago, @littlecaesars you have a friend in me (in my Woody voice)

- *Id.* at Ex. 14 ("while they look decent, those are not pizza puffs & as a chicagoan i am offended.")

- *Id.* at Ex. 15 ("I want people to actually try pizza puffs like the Chicago pizza puffs with a lil lemon pepper on it if we gonna go full big back")

- *Id.* at Ex. 16 ("Those Little Caesar pizza bites (i can't call them pizza puffs because I'm from Chicago and those are nowhere near pizza puffs) were good w/ that crazy sauce; gotta get the crazy sauce with them.")

## COUNT I
### (Trademark Infringement – Section 32 of the Lanham Act, 15 U.S.C. § 1114)

35. Iltaco realleges and incorporates by reference each and every allegation in the foregoing paragraphs as if fully stated herein.

36. Iltaco owns all right, title and interest in and to the registrations for the Puff Marks.

37. Defendants are improperly and willfully infringing the federally registered Puff Marks in interstate commerce through the advertising, promotion, and sale of their Crazy Puffs

10

product.

38. Defendants' use of the mark "Crazy Puffs" and "PIZZA PUFFS" in connection with sales of their single serving size baked pizza dough filled with cheese, cheese and vegetables, and cheese and meat, *i.e.*, the Crazy Puffs product, is causing actual confusion and will likely continue to cause confusion among consumers who believe, contrary to fact, that Defendants' Crazy Puffs product is sold by, or is otherwise sponsored by or affiliated with Iltaco, or that Defendants are the rightful owners to the Puff Marks.

39. Defendant's use of the marks "Crazy Puffs" and "PIZZA PUFFS" infringes Iltaco's exclusive rights in Iltaco's Marks within the meaning of § 32 of the Lanham Act, 15 U.S.C. § 1114. Particularly, customers are likely to purchase Defendants' Crazy Puffs product believing it to be that of Iltaco, or otherwise sponsored by or affiliated with Iltaco, thereby resulting in a loss of goodwill and sales to Iltaco.

40. Defendants' conduct constitutes trademark infringement, and/or induces or contributes to acts of trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41. As a direct and proximate result of Defendants' conduct, Iltaco has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

42. Unless enjoined by this Court, Defendants will continue to infringe upon Iltaco's Puff Marks, thereby creating the likelihood of consumer confusion, deceiving the public, and causing Iltaco immediate and irreparable injury, including loss of goodwill and loss of income, for which it has no adequate remedy at law.

43. Defendants have engaged in the above-referenced acts of trademark infringement

with full knowledge of Iltaco's exclusive rights in one or more of the federally registered Puff Marks, and Defendants are willfully continuing to engage in such acts of intentional infringement, thus making this case exceptional and entitling Iltaco to an award of treble its actual damages, plus attorneys' fees in bringing and maintaining this action.

**COUNT II**
**(False Designation of Origin – Section 43(a) of the Lanham Act, 15 U.S.C. § 1125)**

44. Iltaco realleges and incorporates by reference each and every allegation in the foregoing paragraphs as if fully stated herein.

45. The Puff Marks operate as an indicator of source and/or origin and has acquired distinctiveness via secondary meaning.

46. The marks Pizza Puff and Puff have been in continuous and exclusive use throughout the United States, by Iltaco, since at least as early as December 10, 1976.

47. The Puff Marks are distinctive in the minds of the relevant purchasers of Iltaco's services as being associated exclusively with Plaintiff.

48. Defendants, through use of the Infringing Marks "Crazy Puffs" and "PIZZA PUFFS" have, without authorization, in connection with their goods and/or services in commerce, made or contributed to the making of false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association of Defendants with Iltaco, and/or as to the origin, sponsorship or approval of Defendants' goods and/or services, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

49. Consumers are likely to purchase Defendants' goods offered under the Infringing Marks "Crazy Puffs" and "PIZZA PUFFS" believing that Defendants are affiliated, connected or associated with Iltaco, resulting in a loss of goodwill to Plaintiff.

50. Consumers are also likely to purchase Defendants' goods under the infringing "Crazy Puffs" and "PIZZA PUFFS" believing that Defendants are the rightful owners of the Puffs Marks, resulting in a loss of goodwill to Plaintiff.

51. Defendants' acts as set forth herein constitute unfair competition, and/or induce or contribute to acts of unfair competition.

52. Defendants' unfair acts have been committed in bad faith and with the intent to cause confusion, mistake and/or to deceive.

53. As a direct and proximate result of Defendants' conduct, Iltaco has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

54. Unless enjoined by this Court, Defendants will continue to compete unfairly with Iltaco, thereby deceiving the public, creating the likelihood of consumer confusion, and causing Iltaco immediate and irreparable injury for which it has no adequate remedy at law.

## COUNT III
### (Deceptive Trade Practices – 815 ILCS §§ 510/1, *et seq.*)

55. Iltaco realleges and incorporates by reference each and every allegation in the foregoing paragraphs as if fully stated herein.

56. Defendants have knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.*, by causing likelihood of confusion or of misunderstanding as to the source, origin or sponsorship of Defendants' Crazy Puffs product, by causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association of Defendants with the Puff Marks and using deceptive representations or designations of origin in connection with Defendants' products.

13

57. The foregoing acts of Defendants constitute willful, deceptive acts and practices in the conduct of business, trade and/or commerce, in violation of Illinois Uniform Deceptive Trade Practices Act, 815 ILCS Sections 510/1 *et seq.*, for which Iltaco is entitled to injunctive relief, actual damages, treble damages, punitive damages, attorneys' fees, and costs.

58. The foregoing acts of Defendants will create a likelihood of injury to the public image and business reputation of Iltaco, in that the public will likely associate Defendants' goods with Iltaco and/or Iltaco's goods, and cause the dilution of the distinctive quality of Iltaco's Puff Marks, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq.*, for which Iltaco is entitled to injunctive relief.

59. The foregoing acts of Defendants were designed intentionally to mislead and deceive the public and trade as to the identity of Defendants or as to the connection of Defendants with Iltaco, in violation of 815 ILCS §§ 510/1 *et seq.*, for which Iltaco is entitled to injunctive relief.

60. The unauthorized use by Defendants of the Infringing Marks is causing and is likely to cause substantial injury to the public and to Iltaco.

## COUNT IV
**(Illinois Common Law – Unfair Competition)**

61. Iltaco realleges and incorporates by reference each and every allegation in the foregoing paragraphs as if fully stated herein.

62. Defendants' acts constitute common law trademark infringement in violation of state common law, including the common law of the State of Illinois. Such acts of common law trademark infringement constitute unfair competition within the meaning of the common law, including the common law of the State of Illinois.

63. Upon information and belief, Defendants' conduct was and continues to be willful,

intentional, and in bad faith.

64. Defendants' acts have caused, and continue to cause, irreparable harm to Iltaco, and Iltaco has no adequate remedy at law such that the damage to Iltaco will continue unless and until enjoined by the Court.

## **JURY DEMAND**

Iltaco demands a trial by jury on all issues.

## **PRAYER FOR RELIEF**

WHEREFORE, Iltaco prays for judgment against Defendants as follows:

1. That Defendants, their officers, members, directors, agents, servants, employees, successors, licensees, representatives, successors, assigns, and all persons acting in concert or participation with them, be preliminarily and permanently enjoined and restrained from:

   (i) Manufacturing, importing, distributing, advertising, offering to sell or selling any products under the Infringing Marks;

   (ii) Using the Infringing Marks or any confusingly similar marks in connection with any goods or services;

   (iii) Using any false designation of origin, or representing or suggesting directly or by implication that Defendants, or any brands or other source identifiers used by Defendants, are affiliated with, associated with, authorized by, or otherwise connected to Iltaco, or that Defendants are authorized by Iltaco to use the Infringing Marks or any other confusingly similar marks;

   (iv) Infringing or contributing to the infringement of any of Iltaco's Puff Marks, including, without limitation, the Pizza Puff Mark or Puff Mark, or otherwise engaging in unfair competition with Iltaco in any manner or engaging in any conduct tending to falsely represent or likely to confuse, mislead or deceive suppliers, purchasers, or any

     member of the public into thinking that Defendants or any of their products are affiliated with Iltaco, or that Iltaco has otherwise sponsored, approved, or licensed any products or services of Defendants;

(v) Engaging in any other activity constituting unfair competition with Iltaco, or constituting infringement of the Puff Marks; and

(vi) Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (v) above, or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (v) above.

2. That Defendants be directed to file with the Court and serve on Iltaco, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

3. That the Court issue an Order cancelling Defendant's federal Trademark Registration No. 7,389,148;

4. That Defendants, by their unauthorized use of the Infringing Marks, have violated Iltaco's rights under 15 U.S.C. §§ 1114, 1125(a) and 1125(d), the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.*, and Illinois common law, and that they have done so willfully and for the purpose of violating Iltaco's rights and damaging Iltaco's goodwill and reputation; and

5. That Defendants be required to pay Iltaco such damages as it has sustained as a consequence of Defendants' infringement of the Puff Marks and trebling of those damages under 15 U.S.C. § 1117.

|  |  |
|---|---|
|  | **SAUL EWING LLP** |
| Dated: June 21, 2024 | */s/ Erin Westbrook*<br>Joseph M. Kuo<br>161 N. Clark Street, Suite 4200<br>Chicago, IL 60601<br>(312) 876-7100<br>joseph.kuo@saul.com<br><br>Erin Westbrook<br>33 South Sixth Street, Suite 4750<br>Minneapolis, MN 55402<br>(612) 225-2946<br>erin.westbrook@saul.com<br><br>***Attorneys for Plaintiff*** |