# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ILLINOIS TAMALE COMPANY, INC. D/B/A ILTACO, | Civil Action No. 24-cv-05210 |
| Plaintiff, | |
| v. | Judge Jeremy C. Daniel |
| LC TRADEMARKS, INC. and LITTLE CAESAR ENTERPRISES, INC., | |
| Defendants. | |

## NOTICE OF APPEAL

Notice is hereby given that Defendants LC Trademarks, Inc. and Little Caesar Enterprises, Inc., hereby appeal to the United States Court of Appeals for the Seventh Circuit from this court's order entered in this action on December 19, 2024, which granted in part Plaintiff Illinois Tamale Company, Inc's motion for a preliminary injunction (ECF No. 31).

Respectfully Submitted,

LC TRADEMARKS, INC. and
LITTLE CAESAR ENTERPRISES, INC.

Date: December 23, 2024

By: /Fan Cheng/
Jeffery A. Handelman
Virginia Marino
Fan Cheng
Crowell & Moring LLP
455 N. Cityfront Plaza Drive
NBC Tower – Suite 3600
Chicago, Illinois 60611
(312) 321-4200

1

        Attorneys for LC Trademarks, Inc. and Little Caesar Enterprises, Inc.

Case: 1:24-cv-05210 Document #: 36 Filed: 12/26/24 Page 2 of 15 PageID #:2223

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed and served to all counsel of record via the Court's CM/ECF system.

DATED: December 23, 2024          By:    /Fan Cheng/

                                                         Jeffery A. Handelman
                                                         Virginia Marino
                                                         Fan Cheng
                                                         Crowell & Moring LLP
                                                         455 N. Cityfront Plaza Drive
                                                         NBC Tower – Suite 3600
                                                         Chicago, Illinois 60611
                                                         (312) 321-4200

                                                         Attorneys for LC Trademarks, Inc. and
                                                         Little Caesar Enterprises, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ILLINOIS TAMALE COMPANY, INC., <br> Plaintiff <br><br> v. <br><br> LC TRADEMARKS, INC. and LITTLE CEASAR ENTERPRISES, INC., <br> Defendants | No. 24-cv-05210 <br><br> Judge Jeremy C. Daniel |

## ORDER

The plaintiff's motion for a preliminary injunction [2] is denied in part and granted in part. The Court hereby enjoins the defendants' use of the "PIZZA PUFFS" mark. To the extent necessary, the parties shall confer and submit a proposed preliminary injunction order to the Court's proposed order inbox on or before December 23, 2024. The Court denies the plaintiff's motion as to the defendants' use of the "CRAZY PUFFS" mark. The Court further denies the plaintiff's motion to strike [22]. The parties shall meet, confer, and file a proposed scheduling order on or before January 8, 2025. Status hearing is set for January 15, 2025, at 9:30 a.m.

## STATEMENT

The plaintiff seeks a preliminary injunction that prevents the defendants from using the "infringing marks," which the plaintiff identified as "CRAZY PUFF" and "PIZZA PUFFS." According to the plaintiff, the defendants' use of "CRAZY PUFF" and "PIZZA PUFFS" infringes two of the plaintiff's registered trademarks. Specifically, the plaintiff contends that the defendants infringe the plaintiff's "PIZZA PUFFS" mark, which has become incontestable, and the plaintiff's "PUFF" mark, which has not become incontestable.

"A preliminary injunction may be granted where a movant shows that it is likely to succeed on the merits of its claims and that traditional legal remedies would be inadequate, such that it would suffer irreparable harm without injunctive relief." *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 843 (7th Cir. 2023). "[T]o succeed on a trademark infringement claim, the claimant must show that it owns a valid, protectable trademark and that there is a likelihood of confusion caused by the alleged infringer's use of the disputed mark. *Id.* at 844. "In the context of trademark law, once the movant establishes a likelihood of success on the merits, it is statutorily entitled to a rebuttable presumption of irreparable harm." *Id.* (citing 15 U.S.C. §

1116(a)). If the movant meets these requirements, then the Court considers whether the balance of equities tips in the movant's favor and whether injunctive relief is in the public interest. *Id.* at 844; *see also Bevis v. City of Naperville, Illinois*, 85 F.4th 1175, 1188 (7th Cir. 2023).

### I. "PIZZA PUFFS"

Rather than follow the parties' lead and conflate the marks at issue, the Court will assess each mark separately. The parties agree that the plaintiff's "PIZZA PUFFS" mark is incontestable. "Although an incontestable mark may be enforced even if it is descriptive, it is subject to cancellation if it is or becomes generic." *TE-TA-MA Truth Foundation—Family of IRI, Inc. v. World Church of the Creator*, 297 F.3d 662, 665 (7th Cir. 2002). "A mark is 'generic' when it has become the name of a product (e.g., 'sandwich' for meat between slices of bread) or class of products (thus 'church' is generic)." *Id.* at 666.

According to the defendants, the plaintiff's "PIZZA PUFFS" mark is generic. Generic terms ordinarily do not qualify as trademarks. *United States Patent and Trademark Office v. Booking.com B.V.*, 591 U.S. 549, 553 (2020). A generic term is simply the commonly used name for the good or service itself. *See id.* at 554; *see also H-D Michigan, Inc. v. Top Quality Service, Inc.*, 496 F.3d 755, 761 (7th Cir. 2007). There is no evidence in the record that the term "PIZZA PUFFS" was the commonly used name of a product at the time the plaintiff first used the term in 1976 in connection with its product, a flour tortilla filled with ingredients typically found on a pizza (i.e. meat, cheese, and sauce). As such, the "PIZZA PUFFS" mark is not, on its face, generic. Because the mark is incontestable, and because it is not generic, it may be enforced wherever it falls on the distinctiveness spectrum.

That is, unless the mark has become generic. "To determine that a trademark is generic and thus pitch it into the public domain is a fateful step." *Ty Inc. v. Softbelly's Inc.*, 353 F.3d 528, 531 (7th Cir. 2003). "The fateful step is not taken until the trademark has gone so far toward becoming the exclusive descriptor of the product that sellers of competing brands cannot compete effectively without using the name to designate the product they are selling." *Id.*

According to the defendants, evidence that restaurant menus use "PIZZA PUFFS" to describe products, the U.S. Patent and Trademark Office's use of the term, the plaintiff's use of the term in its cooking instructions, and consumer survey evidence showing that more than 80% of consumers surveyed view the term as generic, establish that the plaintiff's "PIZZA PUFFS" mark has become generic. While the defendants' survey evidence is compelling, it is not conclusive. *See Ty Inc.*, 353 F.3d at 531 (noting, in dicta, that as few as 10% of consumers associating a mark with an owner's brand could result in consumer confusion). Importantly, the plaintiff has met the defendants' evidence with several examples of other brands being able to compete effectively without using the plaintiff's "PIZZA PUFFS" mark to describe similar

2

products. This evidence calls in question whether "the trademark has gone so far toward becoming the exclusive descriptor of the product," as the defendants contend. Accordingly, the defendants have not established a likelihood of success on their claim that the plaintiff's "PIZZA PUFFS" mark is generic. Because they have not done so, and because the plaintiff has provided evidence of its registered, incontestable "PIZZA PUFFS" mark, the Court finds that the plaintiff is likely to succeed in establishing that it has a valid and protectable mark.

## II. "PIZZA PUFFS" AND "PIZZA PUFFS"

Courts consider seven factors when determining whether there is a likelihood of confusion, that is, whether consumers who might purchase either product would likely attribute them to a single source: (1) similarity of the marks in appearance and suggestion; (2) similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the senior user's mark; (6) existence of actual confusion; and (7) the intent of the defendant to "palm off" its product as that of another. *Grubhub Inc.*, 80 F.4th at 847. Here, the marks are identical; they are used on similar products and sold in similar channels of commerce; customers are likely to exercise little care; and the plaintiff's mark, which is incontestable, is strong. While the plaintiff submitted various social media postings that purport to show actual confusion, this is not competent evidence. The plaintiff has not established that such evidence is reliable or admissible. Further, some of the evidence suggests no confusion; for instance, one post notes "that's not a pizza puff." Even so, the plaintiff has shown that it is likely to succeed in showing a likelihood of confusion between its "PIZZA PUFFS" mark and the defendants' use of "PIZZA PUFFS."

By statute, there is a rebuttable presumption of irreparable harm once the movant establishes a likelihood of success on the merits. 15 U.S.C. § 1116(a). The defendants have done nothing to rebut this presumption other than argue that the plaintiff delayed in seeking injunctive relief. But the record shows that the plaintiff tried to enforce its marks once it learned of the defendants' "infringing marks." The Court will not penalize the plaintiff for sending the defendants a cease-and-desist letter and then attempting to resolve the matter short of litigation when there is no evidence of undue delay on the plaintiff's part. As for the balance of equities, they favor the plaintiff. While the defendants have invested heavily in their advertising campaign, their use of the "PIZZA PUFFS" mark has been minimal and does not appear to be the focus of their marketing. More importantly, the plaintiff has used their "PIZZA PUFFS" mark since 1976, which offsets the defendants' recent investments in their use of the mark.

Further, the defendants' use of "PIZZA PUFF" is not a fair use. Fair use allows one to use a mark that is "descriptive of and used fairly and in good faith only to describe the goods or services of such party." *SportFuel, Inc. v. PepsiCo, Inc.* 932 F.3d 589, 595 (7th Cir. 2019). The party invoking the fair use defense must show (1) it did not use

3

the mark as a trademark, (2) the use is descriptive of its goods, and (3) the mark is used fairly and in good faith. *Id*. The defendants have not shown that "PIZZA PUFFS" is descriptive of their goods. The defendants product looks like a mini-pizza or a pizza muffin or a pizza cupcake or a pizza bite. It is not apparent what part of the defendants' product is a puff, which means that the mark is not descriptive of the defendants' goods. Therefore, the defendant's fair use defense fails.

For these reasons, the Court grants the plaintiff's motion as to the defendants use of the "PIZZA PUFFS" mark. The defendants shall stop using the term "PIZZA PUFFS" immediately.

### III. "PIZZA PUFFS' AND "CRAZY PUFFS"

The Court finds that the plaintiff has not met its burden with respect to the defendants' use of the "CRAZY PUFFS" mark. While both marks include the word "PUFF," the Court must consider the mark as a whole. *See Booking.com*, 591 U.S. at 556 ("for a compound term, the distinctiveness inquiry trains on the term's meaning as a whole, not its parts in isolation."); *see also Mil-Mar Shoe Co., Inc. v. Shonac Corp.*, 75 F.3d 1153, 1161 (7th Cir. 1996) ("We have recognized in the past that the genericness of composite terms must be evaluated by looking at the term as a whole."). Viewed as a whole, "PIZZA PUFFS" and "CRAZY PUFF" are different. One need only look at the plaintiff's family of marks to appreciate the difference. The plaintiff's marks describe what one would find in the product. Whether "pizza," "pulled pork," "spinach & Cheese," or something else, the plaintiff's marks combine a descriptor with the word "PUFF." In contrast, the defendants use the word "Crazy," which sets it apart from the plaintiff's "PIZZA PUFFS" mark and ties it to the defendants' "CRAZY" family of marks. While some of the factors discussed above favor the plaintiff, that is, the products are similar and sold in similar channels of commerce with consumers who exercise a low degree of care, the difference in the marks' overall impression precludes finding a likelihood of success by the plaintiff on likelihood of confusion. Therefore, the Court denies the plaintiff's motion as to the defendants' use of the "CRAZY PUFF" mark.

### IV. "PUFF"

The parties agree that the plaintiff's "PUFF" mark is not yet incontestable. The defendants argue that the mark is or has become generic. The plaintiff argues that it is descriptive or suggestive. These arguments stem from the distinctiveness scale, which has five categories: generic, descriptive, suggestive, arbitrary, and fanciful. *Booking.com*, 591 U.S. at 553. A generic term is simply the commonly used name for the good or service itself. *See id*. at 554; *see also H-D Michigan, Inc. v. Top Quality Service, Inc.*, 496 F.3d 755, 761 (7th Cir. 2007). Generic terms ordinarily do not qualify as trademarks. *Booking.com*, 591 U.S. at 553.

4

Descriptive terms do a bit more as they identify a characteristic of a particular product or service. *H-D Michigan*, 496 F.3d at 761. "A mark is descriptive when it describes the product category to which the brand belongs. Descriptive phrases refer to a characteristic of the product." *SportFuel, Inc.* 932 F.3d at 599 (citation and quotations omitted). Once descriptive terms acquire secondary meaning, they are eligible for federal trademark registration. *Booking.com*, 591 U.S. at 553; *SportFuel, Inc.*, 932 F.3d at 598.

Courts at times look to dictionaries as a source of evidence on genericness. *See*, *e.g.*, *Mil-Mar Shoe Co., Inc. v. Shonac Corp.*, 75 F.3d 1153, 1158 (7th Cir. 1996). The relevant definition of puff here is "a light round hollow pastry." *See* https://www.merriam-webster.com/dictionary/puff (last visited December 17, 2024). The plaintiff's products are not that. Rather, they are filled dough-based products. This indicates that "PUFF" is not generic as to the plaintiff's products.[1]

At a minimum, the plaintiff's "PUFF" mark is descriptive. As a registered mark, secondary meaning is presumed. *Packman*, 267 F.3d at 638. The defendants have failed to rebut this presumption.

Instead, the defendants focused on evidence they contend shows that "PUFF" has become generic. That evidence consists of restaurant menus that use the term to describe its products, the U.S. Patent and Trademark Office's use of the term, the plaintiff's use of the term in its cooking instructions, and consumer survey evidence showing that more than 80% of consumers surveyed view the term as generic. As discussed above, this evidence is inconclusive. Therefore, the Court finds that the plaintiff has shown that its "PUFF" mark is likely valid and protectable.

### V. "PUFF" AND "CRAZY PUFFS"

Here, the first likelihood of confusion factors favor the defendants. "When evaluating a mark, we must keep in mind that '[t]he commercial impression of a trade-mark is derived from it as a whole, not from its elements separated and considered in detail.'" *Grubhub Inc.*, 80 F.4th at 848. "CRAZY PUFFS" creates a different commercial impression than "PUFF" alone because it implies something more, particularly when presented with the defendants' trade dress.

The products are somewhat similar in that they are dough-based, pizza-inspired handheld foods, but "CRAZY PUFFS" have an open-top exposing its filling whereas a "PUFF" fully encloses its filling. This factor is neutral.

---

[1] The same is true of the defendants' products; that is, the defendants products are not light, round, hollow pastries. As such, the Court rejects the defendants' suggestion that they must use "PUFF" to describe their product.

5

Both parties use their respective marks in the same channels, which favors the plaintiff. And each parties' products are low-cost, which suggests a low degree of consumer care. This also favors the plaintiff.

The plaintiff has not shown that the "PUFF" mark is strong. While the plaintiff has used "PUFF" in connection with its products since 1976, those uses were as part of compound terms. Much of the evidence the plaintiff points to as evidence of the strength of its marks refer to "PIZZA PUFFS" and not just "PUFF." This factor favors the defendant.

The plaintiff also has not shown actual confusion. The defendants' point concerning the plaintiff's reliance on social media posts to show actual confusion is well-taken. That is not competent evidence. As a result, this factor favors the defendant.

Finally, the plaintiff concedes that it has no evidence that the defendant intended to palm off its product as the plaintiff's. Even so, the plaintiff has expressed a concern about reverse confusion, which considers whether the junior user attempted to usurp the senior user's mark. *See Grubhub Inc.*, 80 F.4th at 851. The plaintiff presented evidence that the defendant has expended significant sums to advertise its products nationally in, according to the plaintiff, an attempt to create reverse confusion. *See, e.g.*, *Fabick, Inc. v. JFTCO, Inc.*, 944 F.3d 649, 659 (7th Cir. 2019) (citing *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 953 (7th Cir. 1992)). Reverse confusion may support an inference of bad faith on the junior user's part. *See id.*

Even if one to view the defendants' actions as bad faith conduct, the commercial impressions of "PUFF" and "CRAZY PUFF" are too different to warrant a finding that the plaintiff is likely to establish a likelihood of confusion. When one considers that the "PUFF" mark is not strong and that the plaintiff failed to present any competent evidence of actual confusion, the Court denies the plaintiff's motion based on the defendants' alleged infringement of the "PUFF" mark.

### VI. MOTION TO STRIKE

The plaintiff's motion to strike is denied as moot. The Court did not rely on the material identified in the motion to strike in reaching its decision.

Date: December 19, 2024

JEREMY C. DANIEL
United States District Judge

APPEAL,APPENTENG,PROTO

# United States District Court
# Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.1) (Chicago)
# CIVIL DOCKET FOR CASE #: 1:24-cv-05210
# Internal Use Only

Illinois Tamale Company, Inc. v. LC Trademarks, Inc. et al
Assigned to: Honorable Jeremy C. Daniel
Cause: 15:1125 Trademark Infringement (Lanham Act)

Date Filed: 06/21/2024
Jury Demand: Both
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**

**Illinois Tamale Company, Inc.**
*doing business as*
Iltaco

represented by **Joseph Ming Kuo**
Saul Ewing Arnstein & Lehr LLP
161 North Clark Street
Suite 4200
Chicago, IL 60601
312-876-7151
Fax: Active
Email: joseph.kuo@saul.com
*ATTORNEY TO BE NOTICED*

**Erin Westbrook**
Saul Ewing LLP
33 South 6th Street
Suite 4750
Minneapolis, MN 55402
612-225-2800
Fax: 612-677-3844
Email: erin.westbrook@saul.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**LC Trademarks, Inc.**

represented by **Jeffery A Handelman**
Crowell & Moring LLP
455 N Cityfront Plaza Dr.
Ste 3600
Chicago, IL 60611
312-321-4200
Fax: Active
Email: JHandelman@crowell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Fan Cheng**
Crowell & Moring LLP
455 N. Cityfront Plaza Drive
Suite 3600

Chicago, IL 60611  
(312) 840-3276  
Fax: Not a member  
Email: fcheng@crowell.com  
*ATTORNEY TO BE NOTICED*

**Virginia Wolk Marino**  
Crowell & Moring LLP  
455 N. Cityfront Plaza Drive  
Suite 3600  
Chicago, IL 60611  
312-321-4200  
Email: vmarino@crowell.com  
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Little Caesar Enterprises, Inc.** | represented by | **Jeffery A Handelman**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Fan Cheng**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Virginia Wolk Marino**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **Little Caesar Enterprises, Inc.** | represented by | **Jeffery A Handelman**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Fan Cheng**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Virginia Wolk Marino**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Counter Defendant**

| | | |
|---|---|---|
| **Illinois Tamale Company, Inc.** | represented by | **Joseph Ming Kuo**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Erin Westbrook**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/21/2024 | 1 | COMPLAINT filed by Illinois Tamale Company, Inc.; Jury Demand. Filing fee $ 405, receipt number AILNDC-22169636. (Attachments: # 1 Declaration Declaration of Andrew Shabaz, # 2 Exhibit Shabaz Declaration Exhibits 1 through 47, # 3 Declaration Declaration of Joseph Kuo, # 4 Exhibit Kuo Declaration Exhibit A, # 5 Civil Cover Sheet)(Westbrook, Erin) (Entered: 06/21/2024) |
| 06/21/2024 | 2 | MOTION by Plaintiff Illinois Tamale Company, Inc. for preliminary injunction (Attachments: # 1 Notice of Filing Notice of Motion and Motion for Preliminary Injunction, # 2 Declaration Declaration of Thomas Maronick, # 3 Exhibit Maronick Exhibits 1 and 2)(Westbrook, Erin) (Entered: 06/21/2024) |
| 06/22/2024 | | CASE ASSIGNED to the Honorable Jeremy C. Daniel. Designated as Magistrate Judge the Honorable Jeannice W. Appenteng. Case assignment: Random assignment. (Civil Category Two). (lw, ) (Entered: 06/22/2024) |
| 06/22/2024 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (lw, ) (Entered: 06/22/2024) |
| 06/24/2024 | 3 | *Counsel.* MOTION by Plaintiff Illinois Tamale Company, Inc. for leave to appear as Plaintiff's *Counsel.* (Kuo, Joseph) (Entered: 06/24/2024) |
| 06/25/2024 | 4 | MINUTE entry before the Honorable Jeremy C. Daniel: The attorney appearance form 3 , was improperly filed as a motion and therefore is terminated. Mr. Kuo shall refile the attorney appearance form using the proper event. Mailed notice (vcf, ) (Entered: 06/25/2024) |
| 06/25/2024 | 5 | ATTORNEY Appearance for Plaintiff Illinois Tamale Company, Inc. by Joseph Ming Kuo (Kuo, Joseph) (Entered: 06/25/2024) |
| 06/25/2024 | | SUMMONS Issued as to Defendants LC Trademarks, Inc., Little Caesar Enterprises, Inc. (mcp, ) (Entered: 06/25/2024) |
| 07/03/2024 | 6 | SUMMONS Returned Executed by Illinois Tamale Company, Inc. as to LC Trademarks, Inc. on 6/28/2024, answer due 7/19/2024. (Westbrook, Erin) (Entered: 07/03/2024) |
| 07/03/2024 | 7 | SUMMONS Returned Executed by Illinois Tamale Company, Inc. as to Little Caesar Enterprises, Inc. on 6/28/2024, answer due 7/19/2024. (Westbrook, Erin) (Entered: 07/03/2024) |
| 07/09/2024 | 8 | NOTICE of Motion by Erin Westbrook for presentment of motion for preliminary injunction, 2 before Honorable Jeremy C. Daniel on 7/18/2024 at 09:30 AM. (Westbrook, Erin) (Entered: 07/09/2024) |

| | | |
|---|---|---|
| 07/17/2024 | 9 | ATTORNEY Appearance for Defendants LC Trademarks, Inc., Little Caesar Enterprises, Inc. by Jeffery A Handelman (Handelman, Jeffery) (Entered: 07/17/2024) |
| 07/17/2024 | 10 | ATTORNEY Appearance for Defendants LC Trademarks, Inc., Little Caesar Enterprises, Inc. by Virginia Wolk Marino (Marino, Virginia) (Entered: 07/17/2024) |
| 07/17/2024 | 11 | ATTORNEY Appearance for Defendants LC Trademarks, Inc., Little Caesar Enterprises, Inc. by Fan Cheng (Cheng, Fan) (Entered: 07/17/2024) |
| 07/17/2024 | 12 | AGREED SCHEDULE FOR DISCOVERY AND BRIEFING RELATED TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION by LC Trademarks, Inc. (Cheng, Fan) (Entered: 07/17/2024) |
| 07/18/2024 | 13 | MINUTE entry before the Honorable Jeremy C. Daniel: Motion hearing held. The Court hereby enters the parties' agreed schedule for discovery and briefing 12 . The parties shall confer and submit their availability for a preliminary injunction hearing with the reply brief. The Court is available September 16-20 and 23-27, and October 15-18 and 21-23. Mailed notice (mjc, ) (Entered: 07/18/2024) |
| 07/19/2024 | 14 | *DEFENDANTS'* ANSWER to Complaint with Jury Demand , COUNTERCLAIM filed by Little Caesar Enterprises, Inc. against Illinois Tamale Company, Inc. . by Little Caesar Enterprises, Inc.(Cheng, Fan) (Entered: 07/19/2024) |
| 07/30/2024 | 15 | STIPULATION *STIPULATED PROTECTIVE ORDER* (Cheng, Fan) (Entered: 07/30/2024) |
| 07/31/2024 | 16 | STIPULATED PROTECTIVE ORDER. Signed by the Honorable Jeremy C. Daniel on 7/31/2024. Mailed notice(vcf, ) (Entered: 07/31/2024) |
| 08/09/2024 | 17 | ANSWER to counterclaim by Illinois Tamale Company, Inc.(Westbrook, Erin) (Entered: 08/09/2024) |
| 08/23/2024 | 18 | RESPONSE by LC Trademarks, Inc.in Opposition to MOTION by Plaintiff Illinois Tamale Company, Inc. for preliminary injunction 2 (Attachments: # 1 Exhibit Hamilton Declaration Exhibit A, # 2 Exhibit Hamilton Declaration Exhibit B, # 3 Exhibit Hamilton Declaration Exhibit C, # 4 Exhibit Hamilton Declaration Exhibit D, # 5 Exhibit Hamilton Declaration Exhibit E, # 6 Exhibit Hamilton Declaration Exhibit F, # 7 Exhibit Hamilton Declaration Exhibit G, # 8 Exhibit Hamilton Declaration Exhibit H, # 9 Exhibit Hamilton Declaration Exhibit I, # 10 Exhibit Hamilton Declaration Exhibit J, # 11 Exhibit Hamilton Declaration Exhibit K, # 12 Exhibit Hamilton Declaration Exhibit L, # 13 Exhibit Hamilton Declaration Exhibit M, # 14 Declaration Declaration of Jeffery Handelman, # 15 Exhibit Handelman Declaration Exhibit A, # 16 Exhibit Handelman Declaration Exhibit B, # 17 Exhibit Handelman Declaration Exhibit C, # 18 Declaration Declaration of Laura Russell, # 19 Exhibit Russell Declaration Exhibit A, # 20 Exhibit Russell Declaration Exhibit B, # 21 Exhibit Russell Declaration Exhibit C, # 22 Exhibit Russell Declaration Exhibit D, # 23 Exhibit Russell Declaration Exhibit E, # 24 Exhibit Russell Declaration Exhibit F, # 25 Declaration Declaration of Hal Poret, # 26 Exhibit Poret Declaration Exhibit 1, # 27 Appendix Poret Declaration Exhibit 1 Appendix A, # 28 Appendix Poret Declaration Exhibit 1 Appendix B, # 29 Appendix Poret Declaration Exhibit 1 Appendix C, # 30 Appendix Poret Declaration Exhibit 1 Appendix D, # 31 Declaration Declaration of Theodore H. Davis Jr. with Exhibits)(Cheng, Fan) (Entered: 08/23/2024) |
| 08/23/2024 | 19 | MOTION by Defendant LC Trademarks, Inc. for leave to file *under seal* (Cheng, Fan) (Entered: 08/23/2024) |

| | | |
|---|---|---|
| 08/23/2024 | 20 | SEALED RESPONSE by LC Trademarks, Inc. to MOTION by Plaintiff Illinois Tamale Company, Inc. for preliminary injunction 2 DECLARATION OF GREG HAMILTON (Cheng, Fan) (Entered: 08/23/2024) |
| 08/26/2024 | 21 | MINUTE entry before the Honorable Jeremy C. Daniel: Defendants' motion for leave to file under seal 19 is granted. Mailed notice. (vcf, ) (Entered: 08/26/2024) |
| 09/06/2024 | 22 | MOTION by Plaintiff Illinois Tamale Company, Inc. to strike response in opposition to motion,,,,,,, 18 (Kuo, Joseph) (Entered: 09/06/2024) |
| 09/06/2024 | 23 | MEMORANDUM by Illinois Tamale Company, Inc. in support of motion to strike 22 (Kuo, Joseph) (Entered: 09/06/2024) |
| 09/06/2024 | 24 | NOTICE of Motion by Joseph Ming Kuo for presentment of motion to strike 22 before Honorable Jeremy C. Daniel on 9/17/2024 at 09:30 AM. (Kuo, Joseph) (Entered: 09/06/2024) |
| 09/06/2024 | 25 | REPLY by Plaintiff Illinois Tamale Company, Inc. to motion for preliminary injunction, 2 (Attachments: # 1 Declaration of Joseph M. Kuo, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Declaration of Thomas Maronick, # 22 Declaration of Andrew Shabaz)(Kuo, Joseph) (Entered: 09/06/2024) |
| 09/16/2024 | 26 | RESPONSE by LC Trademarks, Inc.in Opposition to MOTION by Plaintiff Illinois Tamale Company, Inc. to strike response in opposition to motion,,,,,,, 18 22 (Cheng, Fan) (Entered: 09/16/2024) |
| 09/17/2024 | 27 | MINUTE entry before the Honorable Jeremy C. Daniel: Motion hearing held. Plaintiff's reply to the motion their motion to strike 22 is due on or before 10/11/2024. On or before September 20, 2024, the parties shall submit proposed dates for the preliminary injunction hearing to the Court's proposed order inbox. Replies due by 10/11/2024. Mailed notice. (vcf, ) (Entered: 09/17/2024) |
| 09/23/2024 | 28 | ORDER SETTING HEARING ON PLAINITFF'S MOTION FOR PRELIMINARY INJUNCTION. IT IS HEREBY ORDERED that the hearing on Plaintiff's Motion for Preliminary Injunction, filed June 21, 2024 (Dkt. 2 ), will take place on October 23, 2024, at 10:00 AM at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 1419, Chicago, IL 60604. Signed by the Honorable Jeremy C. Daniel on 9/23/2024. Mailed notice. (vcf, ) (Entered: 09/23/2024) |
| 10/11/2024 | 29 | REPLY by Plaintiff Illinois Tamale Company, Inc. to motion to strike 22 (Kuo, Joseph) (Entered: 10/11/2024) |
| 10/23/2024 | 30 | MINUTE entry before the Honorable Jeremy C. Daniel: Preliminary Injunction hearing held. Mailed notice. (vcf, ) (Entered: 10/23/2024) |
| 12/19/2024 | 31 | ORDER. The plaintiff's motion for a preliminary injunction 2 is denied in part and granted in part. The Court hereby enjoins the defendants' use of the "PIZZA PUFFS" mark. To the extent necessary, the parties shall confer and submit a proposed preliminary injunction order to the Court's proposed order inbox on or before December 23, 2024. The Court denies the plaintiff's motion as to the defendants' use |

| | | |
|---|---|---|
| | | of the "CRAZY PUFFS" mark. The Court further denies the plaintiff's motion to strike [22](#) . The parties shall meet, confer, and file a proposed scheduling order on or before January 8, 2025. Status hearing is set for January 15, 2025, at 9:30 a.m. Signed by the Honorable Jeremy C. Daniel on 12/19/2024. Mailed notice. (vcf, ) (Entered: 12/19/2024) |
| 12/23/2024 | [32](#) | NOTICE of appeal by LC Trademarks, Inc. regarding orders [31](#) Filing fee $ 605, receipt number AILNDC-22879141. Receipt number: n (Cheng, Fan) (Entered: 12/23/2024) |
| 12/23/2024 | [33](#) | MOTION by Defendant LC Trademarks, Inc. to stay *preliminary injunction* (Cheng, Fan) (Entered: 12/23/2024) |
| 12/23/2024 | [34](#) | NOTICE of Motion by Fan Cheng for presentment of motion to stay [33](#) before Honorable Jeremy C. Daniel on 1/7/2025 at 09:30 AM. (Cheng, Fan) (Entered: 12/23/2024) |
| 12/26/2024 | [35](#) | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal [32](#) . (ph, ) (Entered: 12/26/2024) |