IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Illinois Tamale Company, Inc. d/b/a Iltaco, an Illinois corporation, Plaintiff, v. LC Trademarks, Inc., a Michigan corporation, and Little Caesar Enterprises, Inc., a Michigan corporation, Defendants. | Case No. 1:24-cv-05210 Judge Jeremy C. Daniel JURY TRIAL DEMANDED |

**PLAINTIFF ILLINOIS TAMALE COMPANY, INC.'S
MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

Illinois Tamale Co. ("Iltaco") hereby moves the Court for entry of the attached Proposed Preliminary Injunction Order.

On December 19, 2024, the Court issued an Order, granting Iltaco's Motion for Preliminary Injunction in part, stating: "the Court grants the plaintiff's motion as to the defendants use of the 'PIZZA PUFFS' mark. The defendants shall stop using the term 'PIZZA PUFFS' immediately." Dkt. 31 at 4. The Court also ordered the parties to confer and submit a proposed preliminary injunction order "[t]o the extent necessary." Dkt. 31 (Minute Entry). To that end, Iltaco emailed Defendants a Proposed Preliminary Injunction Order and asked them to agree to submitting it the morning of December 23, 2024. Defendants declined to respond and later that day filed a notice of appeal and moved to stay this Court's injunction.

On December 27, 2024, the Seventh Circuit Court of Appeals issued an Order for the parties to file a statement as to whether they would ask this Court to set out the terms of the injunction in a separate order. As a result of the Seventh Circuit's Order, Iltaco again asked Defendants on December 30, 2024 to agree to the Proposed Preliminary Injunction Order. This

1

time, Defendants responded to Plaintiff's correspondence but refused to agree to the Proposed Preliminary Injunction Order.

As justification, Defendants mention their notice of appeal and motion to stay the injunction. What is unclear, however, is how the filing of a notice of appeal or a motion to stay the injunction somehow absolves Defendants of complying with this court's December 19, 2024 Order that they "immediately stop" using PIZZA PUFFS. Indeed, it appears that Defendants are continuing to use PIZZA PUFFS despite this Court's Order that they stop using that term immediately. *See* Declaration of Erin Westbrook, Ex. 1.

Nonetheless, under Fed. R. Civ. P. 65(d)(1)(C), every injunction must "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." The Seventh Circuit has required that this be set forth in a "separate document." *MillerCoors LLC v. Anheuser-Busch Companies*, LLC, 940 F.3d 922, 923 (7th Cir. 2019). Accordingly, Iltaco respectfully requests the Court enter the Proposed Preliminary Injunction Order filed concurrently herewith.

|  |  |
|---|---|
|  | **SAUL EWING LLP** |
| Dated: December 30, 2024 | */s/ Erin Westbrook* <br> Joseph M. Kuo <br> Elizabeth Thompson <br> 161 N. Clark Street, Suite 4200 <br> Chicago, IL 60601 <br> (312) 876-7100 <br> joseph.kuo@saul.com <br> elizabeth.thompson@saul.com <br><br> Erin Westbrook <br> 33 South Sixth Street, Suite 4750 <br> Minneapolis, MN 55402 <br> (612) 225-2946 <br> erin.westbrook@saul.com <br><br> ***Attorneys for Plaintiff*** |

2